UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEVIN OTTE, | ) | 1:10-cv—01998-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| | ) | THE PETITION |
| v. | ) | (DOCS. 10, 1) |
| | ) | |
| J. HARTLEY, Warden, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION WITHOUT |
| Respondent. | ) | LEAVE TO AMEND (DOC. 1), |
| | ) | DECLINE TO ISSUE A CERTIFICATE OF |
| | ) | APPEALABILITY, AND DIRECT |
| | | THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition, which was filed on March 8, 2011. Petitioner filed an opposition to the motion on March 30, 2011. No reply was filed.

I. Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

1

1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.

///

Here, upon being directed to respond to the petition by way of answer or motion, Respondent filed the motion to dismiss. The material facts pertinent to the motion are found in the pleadings and in copies of the official records of state parole and judicial proceedings which have been provided by the parties, and as to which there is no factual dispute.

Because Respondent's motion to dismiss is similar in procedural standing to motions to dismiss on procedural grounds, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II. <u>Background</u>

Petitioner alleged that he was an inmate of the Avenal State Prison at Avenal, California, serving a sentence of twenty-five (25) years to life imposed by the Los Angeles County Superior Court upon Petitioner's conviction in December 1990 of first degree murder. (Pet. 1.) Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made after a hearing held on March 10, 2008, finding Petitioner unsuitable for parole because he presented a risk to the public and society. (<u>Id.</u> at 6-7, 11.)

Petitioner raises the following claims: 1) the BPH's decision violated Petitioner's right to due process of law under the Fourteenth Amendment because there was no reliable evidence supporting the finding that Petitioner posed an unreasonable risk of danger to society if released from prison; 2) the BPH's decision violated Petitioner's right to due process of law because it did not reflect due consideration of the factors of parole suitability specified in state law, and it was arbitrary;

1  and 3) decisions of the state courts upholding the BPH's decision
2  were objectively unreasonable and thus deprived Petitioner of due
3  process of law.  (Pet. at 6-7.)  Petitioner argues that the BPH
4  did not consider favorable suitability factors, and the evidence
5  concerning Petitioner's suitability actually supported a grant of
6  parole.
7     The petition and the transcript of the parole proceedings
8  reflect that Petitioner had an opportunity to submit documents
9  and to testify and make a final statement at the parole hearing,
10 and Petitioner received a statement of reasons for the BPH's
11 finding of unsuitability.  (Pet. 14; mot., doc. 10-1, 2, 5, 13,
12 15-87, 95-101, 111-21.)  The reasons included the commitment
13 offense, Petitioner's history, and a psychological evaluation.
14 (Id. at 111-21.)
15    The Los Angeles County Superior Court denied Petitioner's
16 petition for writ of habeas corpus on June 12, 2009, reasoning
17 that there was some evidence to support the BPH's findings that
18 the commitment offense was cruel and carried out in a calculated
19 and dispassionate manner, Petitioner had not fully expressed
20 remorse regarding the victim, and Petitioner had a significant
21 history of escalating criminality.  Thus, some evidence supported
22 the BPH's decision.  (Pet. 38, 42, 46-48.)
23    The California Court of Appeal, Second Appellate District,
24 denied Petitioner's petition for writ of mandate or habeas corpus
25 on July 22, 2010, and the California Supreme Court denied
26 Petitioner's petition for review on September 29, 2010.  (Pet.
27 50-52.)
28 ///

4

III. <u>Failure to State a Cognizable Due Process Claim</u>

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[1] <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 862. In <u>Swarthout</u>, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures

---

[1] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. <u>Id.</u> at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. <u>Id.</u> at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. <u>Id.</u> at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. <u>Id.</u> at 13. In <u>Greenholtz</u>, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. <u>Id.</u> at 15.

5

> required are minimal.  In <u>Greenholtz</u>, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

<u>Swarthout</u>, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether
> [the petitioners] received due process.

<u>Swarthout</u>, 131 S.Ct. at 862.  The Court in <u>Swarthout</u> expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause.  <u>Id.</u> at 862-63.

Petitioner argues that the "some evidence" rule was not correctly applied in his case.  Petitioner asks this Court to engage in the very type of analysis foreclosed by <u>Swarthout</u>. Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement.  Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner cites state law concerning the parole suitability determination.  To the extent that Petitioner's claim or claims rest on state law, they are not cognizable on federal habeas

6

1  corpus.  Federal habeas relief is not available to retry a state
2  issue that does not rise to the level of a federal constitutional
3  violation.  <u>Wilson v. Corcoran</u>, 562 U.S. — , 131 S.Ct. 13, 16
4  (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Alleged
5  errors in the application of state law are not cognizable in
6  federal habeas corpus.  <u>Souch v. Schiavo</u>, 289 F.3d 616, 623 (9th
7  Cir. 2002).

8       Petitioner argues that the BPH did not duly consider the
9  factors of parole suitability specified in state law.  However,
10 the standard of procedural due process applicable to parole
11 hearings as articulated in <u>Greenholtz</u> does not require any
12 particular type or level of consideration of parole suitability
13 factors.  Further, although Petitioner argues that the BPH's
14 decision was arbitrary, the record of the parole hearing and
15 decision reflects that the BPH considered the evidence of various
16 factors of parole suitability and reached a decision based on
17 reasoning grounded in those factors.  The record thus does not
18 support Petitioner's generalized allegation that the BPH
19 proceeded arbitrarily.

20      The Court concludes that because Petitioner failed to state
21 due process claims that are cognizable in this proceeding, the
22 due process claims must be dismissed.

23      A petition for habeas corpus should not be dismissed without
24 leave to amend unless it appears that no tenable claim for relief
25 can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440
26 F.2d 13, 14 (9th Cir. 1971).

27      Here, Petitioner has not alleged that he lacked an
28 opportunity to be heard or a statement of reasons.  However, the

allegations in the petition reveal that Petitioner attended the parole suitability hearing, made statements to the BPH, and received a statement of reasons for the decision of the BPH. Thus, Petitioner's own allegations establish that Petitioner had an opportunity to be heard and received a statement of reasons for the decision in question.  It therefore does not appear that Petitioner could state a tenable due process claim.

Accordingly, it will be recommended that Petitioner's due process claims concerning the BPH's decision be dismissed without leave to amend.

Because Petitioner has not established a violation by the parole authorities of his rights under the Fourteenth Amendment, the decisions of the state courts upholding the BPH's decision could not have resulted in either 1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or 2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner has failed to state facts concerning the state court decisions that would entitle him to relief.  See, 28 U.S.C. § 2254(d).

Therefore, Petitioner's due process claim with respect to the state court decisions should likewise be dismissed without leave to amend.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the

1  detention complained of arises out of process issued by a state
2  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
3  U.S. 322, 336 (2003).  A certificate of appealability may issue
4  only if the applicant makes a substantial showing of the denial
5  of a constitutional right.  § 2253(c)(2).  Under this standard, a
6  petitioner must show that reasonable jurists could debate whether
7  the petition should have been resolved in a different manner or
8  that the issues presented were adequate to deserve encouragement
9  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
10 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
11 certificate should issue if the Petitioner shows that jurists of
12 reason would find it debatable whether the petition states a
13 valid claim of the denial of a constitutional right and that
14 jurists of reason would find it debatable whether the district
15 court was correct in any procedural ruling.  Slack v. McDaniel,
16 529 U.S. 473, 483-84 (2000).

17    In determining this issue, a court conducts an overview of
18 the claims in the habeas petition, generally assesses their
19 merits, and determines whether the resolution was debatable among
20 jurists of reason or wrong.  Id.  It is necessary for an
21 applicant to show more than an absence of frivolity or the
22 existence of mere good faith; however, it is not necessary for an
23 applicant to show that the appeal will succeed.  Miller-El v.
24 Cockrell, 537 U.S. at 338.

25    A district court must issue or deny a certificate of
26 appealability when it enters a final order adverse to the
27 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.
28 ///

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendation

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition be DISMISSED without leave to amend; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the case because an order of dismissal would terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file

10

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 13, 2011**               /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE